# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-804V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JEFF CURRAN,                           *      Filed: February 10, 2016
                                       *
              Petitioner,              *
       v.                              *      Vaccine Act Entitlement;
                                       *      Denial Without Hearing
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE[1]

On July 29, 2015, Jeff Curran filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleges that Mr. Curran experienced an adverse reaction after receiving the HPV vaccine in August of 2012. *See* Pet. at 1 (ECF No. 1).

Petitioner filed medical records on October 27, 2015 (ECF No. 8) and the Parties filed a Joint Status Report advising that Petitioner's counsel anticipated being able to file the outstanding

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

medical records within 30 days. ECF No. 9. As a result, I set the deadline of November 30, 2015, for the Parties' Joint Statement of Completion. On the date of the deadline, the Parties filed another Joint Status Report, enumerating four types of medical records still outstanding. ECF No. 10. Yet again, Petitioner's counsel represented an ability to file said medical records within 30 days (*Id*.), so I extended the deadline for the Joint Statement of Completion to December 30, 2015.

The Parties missed that deadline entirely, at which time I issued an order that they file the overdue Joint Status Report immediately. ECF No. 11. In response, Respondent filed a status report indicating that Petitioner's counsel was evaluating how to proceed with this claim. ECF No. 12. I ordered the Parties to file a Joint Status Report on or before February 8, 2016, regarding Petitioner's progress in gathering documents and/or his desire to proceed with this claim.

On February 8, 2016, Petitioner filed an unopposed Motion for a Decision Dismissing His Petition. Mot. to Dismiss (ECF No. 13). In it, Petitioner states that he anticipates he is unlikely to succeed in meeting his burden of proof. *Id*. at 1. Petitioner also stated his understanding that the requested decision will end all of his rights in the Vaccine Program. *Id*. at 2. Mr. Curran intends to pursue civil action in the future, but in an effort to not waste judicial resources, requests dismissal of his current claim. *Id*. at 1-2. Respondent does not object.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received, or that it lasted more than six months (*see* § 11(c)(1)(D)(i)).

In addition, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof, and he has not offered an expert opinion supporting his claim. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master