# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-804V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JEFF CURRAN,                       *        Special Master Corcoran
                                   *
                Petitioner,        *        Filed: June 22, 2016
         v.                        *
                                   *        Attorney's Fees and Costs;
SECRETARY OF HEALTH                *        Reasonable Basis; Statute of Limitations.
AND HUMAN SERVICES,                *
                                   *
                Respondent.        *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, DC for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On July 29, 2015, Jeff Curran filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleged that Mr. Curran experienced an adverse reaction after receiving the HPV vaccine in August 2012. *See* Pet. at 1 (ECF No. 1). However, a little more than six months from the date of filing, Petitioner concluded that his case could not be proven, and therefore filed a motion requesting a decision dismissing it, which I granted on February 10, 2016 (ECF No. 14).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner now requests an award of attorney's fees and costs in the combined amount of $9,656.09. Application for Attorney's Fees and Costs, dated Apr. 29, 2016 (ECF No. 18) ("Fees App."); *see also* Supplement to Fees App., dated June 8, 2016 (ECF No. 23) ("Supplement"). Respondent opposes the request, arguing that the claim lacks reasonable basis. For the reasons stated below, I grant in part Petitioner's application, awarding **$3,285.31** in attorney's fees and costs.

### Procedural History

As noted above, the case was filed in July 2015. Pet. at 1. The Petition was skeletal, and alleged only generally that HPV vaccinations Mr. Curran received beginning in August 2012 (without specifying an exact date) caused him to experience "a plethora of unprecedented symptoms and illnesses," which the Petition lists. *Id.* The Petition was not accompanied by the affidavit required by Section 11(c)(1), and indeed no such document was ever filed in this case.

The history of counsel's representation of Mr. Curran bears on the present fees request. Andrew D. Downing, Esq., plus two associates and two paralegals at the law firm of Van Cott & Talamante, PLLC, worked on the matter during its short life. *See generally* Billing Records, attached as Ex. A to Fee App. at 22-32.[3] The billing invoices demonstrate that the first work on the matter was performed on June 30, 2015 – a month before the case's filing. *Id.* at 22. A time entry from July 27, 2015 – two days before the Petition's filing – states that a call was conducted on the date with Mr. Curran to discuss, among other things, "filing bare bones Petition to beat Statute of Limitations based on [client's] representations of what happened." *Id.* It is thus evident from the earliest records in the case that counsel understood the limitations cut-off to be looming.

Little work was performed on the matter prior to filing. Mr. Downing himself billed only a total of 2.9 hours in that period, with his associate, Justin Redman, billing approximately the same amount. Ex. A to Fee App. at 22-24. The paralegals employed by counsel billed a total of 4.7 hours. *Id.* at 25-27. Thus, the attorney invoices reveal that while an effort was undertaken to obtain medical records, none were actually reviewed by an attorney until July 21, 2015. *Id.* at 24.

Although the case was filed at the end of July, medical records were not actually filed in the matter until late October, three months later. *See* Notice, dated Oct. 27, 2015 (ECF No. 8). These constitute the sole records filed in support of Petitioner's claim, although some are voluminous. It is not evident, however, what was causing delay in counsel's still-preliminary analysis of the case. Mr. Downing billed less than an hour to the matter between August 1, 2015, and the end of September, while his associate billed no time at all after the case was filed. Ex. A. to Fees App. at 22-24. Counsel's paralegals devoted time in August to evaluation of those records,

---

[3] Petitioner did not separately file exhibits to the Fee Application as attachments. Counsel should do so in the future. *See* Vaccine ECF Rules, Section IV, Filing Requirements, numbered paragraph 10(a).

but the billing invoices do not indicate that attorney consultation was sought in connection with such review. *Id.* at 25 (5.3 hours of paralegal time in August 2015 in reviewing records).

After medical records were filed, Respondent twice filed status reports on the parties' efforts to ensure that all documents relevant to the claim had been obtained and filed. *See* ECF Nos. 9 and 10. By the third such status report, however, filed in early January 2016, Respondent represented that she had expressed concerns about the case's viability to Petitioner. ECF No. 12. Then, in February 2016, Petitioner filed an unopposed motion requesting a decision dismissing the claim (Mot. to Dismiss (ECF No. 13)), stating that he did not expect to be able to succeed in meeting his burden of proof. As noted above, I granted the motion shortly thereafter.

The billing invoices establish that (in keeping with the overall tenor of the matter) limited additional time was devoted to the case even after initial medical records were filed. However, by December 21, 2015, it is evident from those invoices that counsel was aware of Respondent's concerns about the claim. Ex. A to Fees App. at 23. Thereafter, the most work that was performed on the matter by counsel was the preparation of the present Fees Application. *Id.* at 23 (2.2 hours for "drafting work re: Motion for Atty Fees" on April 20, 2016); *see also* Supplement at 5-6 (10.3 hours of attorney time devoted to drafting reply brief in support of Fees Application).

## Fees Application

Mr. Curran filed the present fees application in April of this year. *See generally* Fees App. In it, he requests an award of $6,221.00 in fees reflecting work performed on the case by Mr. Downing (9.1 hours at $350 per hour), plus Mr. Redman (2.8 hours) and another associate, Courtney Van Cott (2 hours), both at the rate of $195 per hour. Ex. A to Fees App. He also asks that two paralegals (Mr. Cain and Ms. Avery) be reimbursed at the rate of $100 per hour for a combined total of 21 hours of work. *Id.* Finally, he requests reimbursement of $496.40 in other costs, which include copying, filing costs, and medical records charges, among other things. ECF No. 30 at 25-38.

Respondent opposed the fees application on May 31, 2016. ECF No. 21 ("Opp."). She contested the action's reasonable basis, noting that there was ample record evidence that many of Mr. Curran's health problems had preceded his vaccinations. Opp. at 3. More significantly, the entirety of the post-vaccination medical record revealed that Mr. Curran in fact could not establish any vaccine-related injury; while Petitioner repeatedly reported to treaters that he was suffering from a wide variety of illnesses relating to his prior HPV vaccination, no treater found his assertions to be correct, and others suggested that his own health-related anxieties were the source of his concerns. *Id.* at 3-5. Thus, counsel erred in relying on Petitioner's own claims that he was injured rather than conducting a more thorough pre-filing investigation (even if time to do so was limited by a pending limitations cut-off). *Id.* at 11-12.

Petitioner filed a reply in support of his fees application on June 7, 2016. ECF No. 22 ("Reply"). He stressed in it that counsel had limited time to act before the claim would be time-barred, and that the specific date that the limitations period would end in August had previously been in doubt, putting more pressure on counsel to act. Reply at 3. He also argued that he lacked sufficient information about the case's viability until later in the fall of 2015, when additional records pertaining to his health were obtained (although he did not explain why records previously in his possession around the time of filing were not filed until several months after the case's initiation). *Id.* at 4-5.[4]

Mr. Curran has also filed a Supplement to the present Fees Application. ECF No. 23. In it, he requests additional fees and costs, reflecting 5.8 hours of Mr. Downing's time, plus 4.5 hours billed by Ms. Van Cott and .1 hours of paralegal time, all billed at the rates relied upon in the underlying Fees Application, and exclusively incurred preparing Petitioner's Reply. Ex. J to Supplement at 4-5. The total amount additionally requested (which also includes a negligible amount of costs) for preparation of the Reply is $2,938.69 – nearly half of the entire amount sought in the original Fees Application for all work performed on the case.

The matter is now ripe for resolution.

## ANALYSIS

### I.     The Case Had Sufficient Reasonable Basis Until August 31, 2015

I have in prior decisions set forth at length the relevant legal standards governing attorney's fees awards in unsuccessful cases, and in particular the criteria to be applied when determining if a claim possessed "reasonable basis."[5] *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, *slip op.* at 4-5 (Fed. Cl. Spec. Mstr. May 26, 2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner must demonstrate, through some evidentiary showing, and in light of the totality of the circumstances, that his claim had some evidentiary underpinning regardless of its likelihood of success. The nature and extent of counsel's investigation into the claim's grounds,

---

[4] Petitioner is also inconsistent in the Reply in setting forth when he determined, in consultation with counsel, that reasonable basis for the claim was in doubt. Thus, he both claims that his counsel concluded the case lacked reasonable basis as of November 2015 (Reply at 4), based on records obtained over three months earlier, but then asserts that only after the receipt of additional records from Mr. Curran in December could a "final decision" on the topic be made. *Id.* at 4-5.

[5] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not question it in this case. Opp. at 6.

both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Here, the reasonable basis analysis is more difficult than in other cases. The Petition was filed almost solely based on Mr. Curran's own statements – allegations that were never formally reduced to a sworn statement, and that have since been demonstrated fairly persuasively to be uncorroborated in the medical records. Petitioner has argued that his counsel was uncertain of the precise date on which the limitations period fell, and therefore opted to file earlier, if by a few weeks, than the facts now demonstrate he could have. Respondent nevertheless believes this was sufficient time to make a decision.

Based on my review of the case record, coupled with the history of counsel's representation of Petitioner as set forth in the billing records, I conclude that this matter had just barely enough reasonable basis to be viable at the time of filing – but also that reasonable basis ceased by the end of August 2015. Mr. Curran has persuasively established that he had limited opportunity to review the case with his attorneys before its filing. He has also shown that the precise cut-off date was not known prior to filing (because counsel lacked the relevant vaccine records – records which were promptly obtained within a week of the Petition's initiation). Such circumstances epitomize the conditions under which special masters are tolerant of a claimant's acts in the face of a possibly-looming limitations cut-off.

This does not mean, however, that Vaccine Program petitioners may file a petition based on limited information and then coast on the matter until Respondent has squarely raised reasonable basis as an issue. The Act's fees provisions require more. Here, the billing invoices establish that counsel possessed medical records relevant to the claim by early August, and that paralegals were already reviewing them at that time. *See* Fees App. at 25. But barely any work was performed on the matter after its filing. This is the *opposite* of what counsel should do when a case is filed with little initial supporting information, and where it is therefore foreseeable that the issue of reasonable basis will arise. While Petitioner and counsel acted responsibly by agreeing to dismiss the case once Respondent squarely raised the issue of reasonable basis, there was enough evidence in counsel's possession prior to that time to make that decision far earlier. I take such considerations into account in determining the proper sum to be awarded in this matter.

## II.     Challenges to the Amounts Requested for Petitioner's Attorneys

### A.     *Attorney Hourly Rates*

In prior relevant cases, I have awarded Mr. Downing $350 an hour after applying the law relevant to rate calculation in the Vaccine Program. *See Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *11 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (citing with approval *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). I have also awarded associates working with him $195 per hour as consistent with prevailing views amongst the special masters as to the proper ranges for in-forum attorney rates. *Al-Uffi*, 2015 WL 6181669, at *3 n.5; *see also McCulloch*, 2015 WL 5634323, at *20-21. I shall apply these same rates herein.

### B.     *Hours Expended by Petitioner's Attorneys*

I have previously discussed the legal standards relevant to evaluating whether attorney time devoted to a matter was reasonably spent. It is within my discretion to determine whether the time devoted to the matter was reasonable regardless of Respondent's objections, and even where Respondent has not specified objectionable components of a fees request, such as a category of work deemed inefficient or unnecessary. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Here, although I have found that the case possessed enough reasonable basis to entitle Petitioner to a fees and costs award, time devoted to the matter after the end of August – by which time it should have been evident to Mr. Curran and his counsel that the claim lacked a sufficient evidentiary basis – should not be compensated. Accordingly, I award attorney's fees as follows, for work performed on the matter from June 30, 2015 until August 31, 2015:

(a)     Mr. Downing – 3.2 hours x $350 = **$1,120.00**

(b)     Mr. Redman – 2.8 hours x $195 = **$546.00**

**Total Attorney's Fees: $1,666.00.**

## III.    Costs

There are two categories of costs requested herein: paralegal costs and litigation-related costs. As to the former, Petitioner requests reimbursement for the services of two paralegals at a rate of $100 per hour. This rate is consistent with my prior awards to Mr. Downing's firm. *Al-Uffi*, 2015 WL 6181669, at *3, 14 n.20. Respondent makes no objection to the proposed paralegal rates

either. I will therefore award the requested paralegal rates herein for all time billed to the matter until August 31, 2015 (11.3 hours x $100 = **$1,130.00**). I will not allow any paralegal costs incurred thereafter, however, consistent with my determination about when reasonable basis in this action ceased.

I reach the same conclusions with respect to the litigation costs requested herein, which include the expenses of document gathering, photocopying, and online legal research. The total sum requested (approximately $517.59) shall only be reduced to eliminate costs incurred after the claim ceased to have reasonable basis by the end of August ($7.09 and $21.19), resulting in a costs award of **$489.31.**

## CONCLUSION

Based on all of the above, the following chart sets forth the total calculation of Petitioner's fees award:

| Contested Sum | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Mr. Downing's Fees | $5,215.00 | $4,095.00 | $1,120.00 |
| Mr. Redman's Fees | $546.00 | None | $546.00 |
| Ms. Van Cott's Fees | $877.50 | $877.50 | None |
| Paralegal Costs | $2,110.00 | $980.00 | $1,130.00 |
| Litigation Costs | $517.59 | $28.28 | $489.31 |

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Application, awarding **$3,285.31** in attorney's fees and costs. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.