# In the United States Court of Federal Claims

No. 15-804V
(Filed: January 3, 2017)*
Opinion originally filed under seal on December 13, 2016

| | |
|---|---|
| JEFF CURRAN, | ) |
| | ) |
| Petitioner, | ) Vaccine Act; Attorneys' Fees and |
| | ) Costs; Reasonable Basis for Filing |
| v. | ) Petition; Affirmed in Part; Remanded |
| | ) in Part |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## OPINION AFFIRMING IN PART
## AND REMANDING IN PART

*Andrew D. Downing*, Phoenix, AZ, for petitioner.

*Debra A. Filteau Begley*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *C. Salvatore D'Alessio*, Acting Director, Torts Branch, *Catharine E. Reeves*, Acting Deputy Director, Torts Branch, *Voris E. Johnson, Jr.*, Senior Trial Attorney, Torts Branch, for respondent.

**FIRESTONE**, *Senior Judge*.

This case comes before the court on petitioner Jeff Curran's motion to review the decision of Special Master Corcoran to award only a portion of the attorneys' fees and costs petitioner had sought in relation to his petition filed under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). The Special Master found that after a certain date, petitioner no longer had a reasonable basis to support his claim, and found petitioner was not entitled to recover fees and costs incurred

after that date.  Consequently, the Special Master found that petitioner was entitled to recover only $3,285.31 of the $9,656.09 petitioner requested in attorneys' fees and costs.

Petitioner, who moved to voluntarily dismiss his petition approximately five months after the date the Special Master found he no longer had a rational basis for bringing his claim, argues that he had a reasonable basis for pursuing his claim throughout the proceedings before the Special Master.   In the alternative, petitioner argues that even if he no longer had a reasonable basis for pursuing his claim after a certain date, petitioner is entitled to recover fees and costs incurred after that date, which, according to petitioner, would have been incurred even if the petitioner had decided to voluntarily dismiss the case on the date that the Special Master determined that petitioner no longer had a reasonable basis for pursuing compensation for his claim.  Respondent the United States ("government") argues that petitioner never had a reasonable basis to file his claim, and argues that petitioner is entitled to no attorneys' fees or costs.

For the reasons that follow, the court now **AFFIRMS IN PART** and **REMANDS IN PART** to the Special Master for further consideration of whether petitioner is entitled to recover certain categories of attorneys' fees.

I.      **BACKGROUND**

    **A.      Facts and Procedural History**

According to the records petitioner's counsel filed in this case, on June 29, 2015, petitioner retained the law firm of Van Cott & Talamante, PLLC, with Andrew Downing serving as lead counsel, regarding an alleged adverse response to a human papilloma

virus ("HPV") vaccine.  *See* Appl. for Att'ys' Fees and Costs ("Fee Appl."), ECF No. 18.

Petitioner stated that he had received the vaccine in August of 2012, though petitioner

could not provide an exact date.  *Id.* at 4.  Starting on June 30, 2015, an associate attorney

and a paralegal began the process of collecting medical records, including drafting

authorization letters and communicating with the providers regarding the requests, from

two clinics and a Veteran's Affairs ("VA") Medical Center that had treated petitioner.  *Id.*

By end of July 2015, the firm had received and reviewed some but not all the relevant

medical records.  *Id.*  After discussing it with petitioner in two phone calls, counsel

decided to file a "bare bones" petition on July 29, 2015 to avoid running afoul of the

statute of limitations.  *See* Pet., ECF No. 1.  The petition did not contain an affidavit or

supporting records, but stated that after receiving the HPV vaccine,

> Mr. Curran has experienced, and been diagnosed with, a plethora of
> unprecedented symptoms and illnesses, including increased phlegm
> production, sinus clogging, fibromyalgia pain, shooting and piercing pain in
> arms from elbow to wrist and hands, tooth decay, body rashes, loss of hair,
> itchy scalp, diarrhea, nausea, swollen ears, blurry vision, burning eyes,
> lower back pain, hot and cold spells all over the body, and neck and
> shoulder pain.

*Id.* at 1.[1]  Counsel's records reflect that additional medical records were obtained within a

few weeks of filing the petition.  On October 27, 2016, petitioner filed his immunization

records and other medical records, but stated that petitioner was still "in the process of

obtaining remaining records."  *See* ECF No. 9.

---

[1] Though the petition states that "no medical records have been received" at the time that counsel
filed the petition on July 29, 2015, counsel's records reflect that an associate reviewed records
medical from a clinic, ExpressCare Plus, on July 21, 2015.  *See* Fee Appl. Ex. A at 3, 4, 6.

On November 30, 2015, the parties submitted a joint status report stating that petitioner had still not filed certain medical records, including psychiatric records and any assessments performed to determine if petitioner has fibromyalgia.  ECF No. 10. Petitioner's counsel states that they received petitioner's psychiatric records in December of 2015.  Reply in Support of Fee Appl., ECF No. 22, at 4-5.  On January 7, 2016, the parties filed another status report which stated that petitioner's counsel was "in the process of determining how he wishes to proceed" and would file a status report within thirty days.  ECF No. 12.

On February 8, 2016, the petitioner filed a motion for a decision dismissing his petition, which stated that:

> Although Petitioner feels very strongly about what he feels happened, and has testified as to the facts under oath, as further investigation has been done, Petitioner recognizes that he will likely be unable to meet his burden of proof and establish that he is entitled to compensation in the Vaccine Program.

Pet'r's Mot. to Dismiss, ECF No. 13, at 1.  Petitioner also stated that he "understands that he may apply for costs once his case is dismissed and judgment is entered against him" and that petitioner "does intend to protect his rights to file a civil action in the future." *Id.* at 2.  On February 16, 2016, the special master dismissed the case, finding that "there is insufficient evidence in the record for Petitioner to meet his burden of proof, and he has not offered an expert opinion supporting his claim."  Decision Dismissing the Case, ECF No. 14, at 2.

The clerk entered a Judgment on February 19, 2016.  ECF No. 16.  On April 29, 2016, petitioner filed an Application for Final Attorneys' Fees and Costs.  Fee Application, ECF No. 18.  Petitioner requested $6,221.00 in attorneys' fees and $496.40 in costs, for a total of $6,717.40.  *Id.* at 19.   Respondent opposed petitioner's fee application on May 31, 2016, ECF No. 21, and petitioner filed a reply on June 7, 2016, ECF No. 22.   On June 8, 2016, petitioner filed a supplemental petition for fees and costs asking for an additional $2,938.69 in fees and costs associated with litigating his initial fee application.  ECF No. 23.  The special master issued the Decision Granting In Part Attorney's Fees and Costs on June 22, 2016, ECF No. 24, and petitioner timely moved for review on July 20, 2016, ECF No. 25.[2]

**B.      Special Master Corcoran's Decision**

In reviewing petitioner's application and supplemental application for fees and costs, the Special Master first addressed the government's contention that petitioner was not entitled to recover any fees or costs because he lacked a rational basis for filing the petition.  The Special Master found that determining whether a reasonable basis existed was "more difficult" in this case than in other situations, but ultimately determined that that the claim had "just barely enough reasonable basis to be viable at the time of filing." Public Decision on Att'ys' Fees and Costs ("Fees Decision"), ECF No. 28 at 5.  The Special Master observed that "[t]he Petition was filed almost solely based on Mr. Curran's own statements – allegations that were never formally reduced to a sworn

---

[2] The parties have not requested oral argument, and the court finds that argument is not necessary for the resolution of this case.

statement, and that have since been demonstrated fairly persuasively to be uncorroborated in the medical records." *Id.* However, the Special Master found that petitioner "has persuasively established that he had limited opportunity to review the case with his attorneys before its filing," and had also "shown that the precise cut-off date was not known prior to filing (because counsel lacked the relevant vaccine records – records which were promptly obtained within a week of the Petition's initiation)." *Id.* Therefore, the Special Master concluded that the circumstances under which this petition was filed "epitomize the conditions under which special masters are tolerant of a claimant's acts in the face of a possibly-looming limitations cut-off." *Id.*

However, the Special Master also found that by August of 2015, counsel had received the medical records that demonstrated that the petition was not viable. The Special Master noted that "[w]hile Petitioner and counsel acted responsibly by agreeing to dismiss the case once Respondent squarely raised the issue of reasonable basis, there was enough evidence in counsel's possession prior to that time to make that decision far earlier." *Id.* The Special Master concluded that the Vaccine Act required counsel to evaluate the medical records and move to dismiss the case more quickly than was done here. *Id.* Accordingly, the Special Master awarded only the attorneys' fees and costs that had been incurred between June 30, 2015 and August 31, 2015, amounting to $1,666 in attorneys' fees and $489.31 in costs, including paralegal costs. *Id.* at 6-7.

Though the government did not seek review of the Special Master's decision at the time it was issued, it now maintains that its "position in this case remains that any award

of attorneys' fees is inappropriate because there was no reasonable basis for petitioner's claim, as required by the Vaccine Act, at any time." Opp. to Pet.'s Mot. for Review, ECF No. 29, at 4.

## II.    LEGAL FRAMEWORK

### A.    Recovering Fees and Costs under the Vaccine Act

Under the Vaccine Act, an unsuccessful petitioner may be awarded attorneys' fees under certain circumstances:

> If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith *and there was a reasonable basis* for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1) (emphasis added). The question of whether there was a reasonable basis for the claim is an objective inquiry. *Chuisano v. United States*, 116 Fed. Cl. 276, 289 (2014) (citing *McKellar v. Sec'y Health & Human Servs.*, 101 Fed. Cl. 297, 303 (2011)). In determining whether a claim has a reasonable basis, special masters apply a totality of the circumstances test, considering factors such as "the factual basis, the medical support, and jurisdictional issues," including the statute of limitations. *Id.* at 288. Ultimately, however, a "petitioner must affirmatively establish a reasonable basis to recover attorneys' fees and costs." *Id.* at 287 (quoting *McKellar*, 101 Fed. Cl. at 304). Though the petitioner's burden to establish a reasonable basis is lower than the preponderance of the evidence standard the plaintiff must establish to recover on the

merits of the claim, a petitioner "must furnish some evidence in support" of the claim "to establish the statutory requirement of reasonable basis." *Id.* at 288 (citing *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 152 (2012)); *Turpin v. Sec'y Health & Human Servs.*, No. 99–564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted only one affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99–539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

The reasonable basis question is not a "one-time inquiry" that considers only whether a reasonable basis existed at the time the case was filed. *Chuisano*, 116 Fed. Cl. at 288-89. "Although a claim may have had a reasonable basis at the time of its filing, reasonableness may later come into question if new evidence becomes available or the lack of supporting evidence becomes apparent." *Id.* at 288 (citing *Perreira v. Sec'y of Dep't of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("[W]hen the reasonable basis that may have been sufficient to bring the claim ceases to exist, it cannot be said that the claim is maintained in good faith.")). Therefore, a "special master acts within his or her discretion when revisiting the reasonable basis inquiry if such reconsideration is warranted by changed circumstances during the proceedings." *Id.* (citing *Perreira*, 33 F.3d at 1377; *McKellar,* 101 Fed. Cl. at 302).

**B.     Standard of Review**

The Vaccine Act gives this court three alternatives in reviewing a special master's

decision.  The court may:

> (A) uphold the findings of fact and conclusions of law of the special master
>      and sustain the special master's decision,
> (B) set aside any findings of fact or conclusions of law of the special master
>      found to be arbitrary, capricious, an abuse of discretion, or otherwise
>      not in accordance with law and issue its own findings of fact and
>      conclusions of law, or
> (C) remand the petition to the special master for further action in
>      accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2).

The decision whether or not to award attorneys' fees and costs is reviewed under

an abuse of discretion standard.  *Saxton v. Sec'y Dep't Health & Human Servs.*, 3 F.3d

1517, 1520 (Fed. Cir. 1993) (citing *Perreira v. Sec'y Dep't Health & Human Servs*., 27

Fed.Cl. 29, 31 (1992)).  In order to reverse the decision of a Special Master for abuse of

discretion, this court must find that the Special Master's decision was either (1) "clearly

unreasonable, arbitrary, or fanciful;" (2) "based on an erroneous conclusion of the law;"

(3) "clearly erroneous," or (4) that "the record contains no evidence on which the ...

[Special Master] rationally could have based his decision." *Id.*  (quoting *Ninestar Tech.*

*Co. v. Int'l Trade Comm'n*, 667 F.3d 1373, 1379 (Fed. Cir. 2012)); *see also Chuisano*,

116 Fed. Cl. at 284.  If "the Special Master has 'considered the relevant evidence of

record, drawn plausible inferences, [and stated] a rational basis for the decision,"

reversible error is extremely difficult to establish.'" *Silva v. Sec'y of Health & Human*

*Servs.*, 108 Fed. Cl. 401, 405 (2012) (quoting *Hines v. Sec'y of Health & Human Servs.*,

940 F.2d 1518, 1528 (Fed. Cir. 1991)).  Further, assuming that the special master finds

that attorneys' fees and costs are appropriate, the special master has a "range of choice"

as to what constitutes a reasonable fee and a decision "will not be reversed if 'it stays

within that range and is not influenced by any mistake of law.'"  *Chuisano*, 116 Fed. Cl.

at 284 (quoting *Murphy v. Sec'y of Dep't of Health & Human Servs.*, 30 Fed. Cl. 60, 62

(1993), *aff'd*, 48 F.3d 1236 (Fed. Cir. 1995)).

## III.    DISCUSSION

### A.    The Special Master's Findings Regarding Whether and When Petitioner had a Reasonable Basis are Affirmed

Both the government and the petitioner challenge aspects of the Special Master's

finding that the petitioner had a reasonable basis to file the petition at the time it was

filed, but that, after petitioner's counsel had an opportunity to review petitioner's medical

records, a reasonable basis had ceased to exist by August 31, 2015.  The government

argues that the petition, which lacked an affidavit or supporting medical records when it

was filed, was insufficient to support a finding of rational basis under the Vaccine Act.

Further, the government argues that the medical records that were eventually filed in this

case demonstrate that plaintiff's medical problems long predated his HPV vaccine, and

thus could not logically have been caused by the vaccine.  On the other hand, petitioner

argues that until it received all of plaintiff's medical records in December of 2015,

petitioner's counsel had a reasonable basis in maintaining the claim.

The "decision whether a particular petition was brought in good faith and had a

reasonable basis at the time of filing, and therefore that counsel would be entitled to

attorneys' fees, is within the discretion of the Special Master and is generally reviewed for abuse of discretion." *Scanlon v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 629, 633 (2014) (citing *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 633 (2012)).  In this case, the court finds that Special Master did not abuse his discretion either by finding that a reasonable basis existed initially or that counsel no longer had a reasonable basis after August of 2015.

First, court finds that the Special Master's finding that the petition had "just barely enough reasonable basis to be viable at the time of filing," Fees Decision at 5, was not abuse of discretion.   The plaintiff had contacted counsel less than two months before the statute of limitations was set to expire, a factor Special Masters and this court have considered when determining whether a reasonable basis existed at the time of filing. *See, e.g., Hippo v. Sec'y Health & Human Servs.*, No. 10-462V, 2012 WL 1658252 (Fed. Cl. Spec. Mstr. Apr. 18, 2012); *Lamar v. Sec'y Health & Human Servs.*, No. 99-584V, 2008 WL 3845157 (Fed. Cl. Spec. Mstr. Jul 30, 2008); *Hamrick v. Sec'y Health & Human Servs.*, No. 99-683V, 2007 WL 4793152 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). Further, counsel was actively in the process of collecting petitioner's medical records, which petitioner believed could have supported his case, the bulk of which counsel received within weeks of filing the petition.[3]

---

[3] The government does not challenge that counsel filed the petition in good faith.  *See* 42 U.S.C. § 300aa-15(e)(1) (petition must be filed in "good faith" and have a "reasonable basis").

Counsel states that petitioner informed him that he received his vaccination in August of 2012, but could not recall the date.  Under those circumstances, it was reasonable for counsel to file the petition in July of 2015 rather than wait until it had obtained all of petitioner's medical records and risk missing the statute of limitations.  At the same time, counsel's records show that counsel was diligently investigating petitioner's claim by seeking records from his health care providers.   Accordingly, the court finds that petitioner's counsel satisfied both his duty to his client and his duty to file only reasonable petitions before this court.

The fact that petitioner's counsel was in contact with petitioner and petitioner's health care providers before filing the petition distinguishes this case from *Simmons v. Secretary of Health & Human Services*, 128 Fed. Cl. 579 (2016), in which this court found that petitioner lacked a reasonable basis to file a claim.  The petitioner in *Simmons* had proved difficult for counsel to contact, and counsel was unable to obtain a single medical record despite being retained by petitioner two years before the statute of limitations expired.  *Id.* at 583-84.  Because the petitioner in *Simmons* had become non-responsive, counsel in *Simmons* had not conducted any investigation into the viability of his claims beyond a few short conversations with the petitioner and had seen none of petitioner's medical records at any point, before or after filing the petition.  *Id.* at 581.  In contrast, counsel in this case immediately began a meaningful investigation of petitioner's medical records (and in fact received the bulk of petitioner's records within weeks of filing the petition).

However, the court also finds that the Special Master did not abuse his discretion by finding that counsel no longer had a reasonable basis to pursue the case after August 2015, the time by which petitioner's counsel had received and reviewed the bulk of petitioner's medical records.  Petitioner's counsel argues that it would have been remiss to advise Mr. Curran to dismiss his case before counsel received petitioner's psychiatric records in December of 2015.[4]  The court finds that the Special Master reasonably determined that the records in counsel's possession in August of 2015 adequately demonstrated that petitioner's claim was not viable.  In short, the medical records petitioner's counsel received in July and August of 2015, which were filed with the court in October of 2015, demonstrate that petitioner's symptoms had been investigated by the VA and petitioner had been suffering from mental health symptoms, including paranoia. The court finds that the Special Master did not abuse his discretion in rejecting petitioner's argument that additional psychiatric or other medical records were necessary to determine whether petitioner's claim was viable.

Accordingly, the court finds that the Special Master's findings with respect to a reasonable basis are supported by the record in this case.

---

[4] Counsel further argues that counsel should not be penalized "for the difficulty in contacting Mr. Curran between August and December of 2015." Pet'r's Mem. 5.  The court finds that this difficulty does not bear on the question of reasonable basis, which is an objective inquiry that can be resolved by looking at the medical records in counsel's possession.

**B.      The Court Remands to the Special Master Regarding Petitioner's Wind-Down Costs**

Petitioner argues that even if the Special Master was justified in finding that his claim lost its reasonable basis in August of 2015, the Special Master abused his discretion by denying fees and costs for drafting the standard pleadings to conclude the case after that date because those costs would still have been incurred even if petitioner terminated his case according to the Special Master's ideal timeline.   Specifically, petitioner states that he is entitled to compensation for fees and costs incurred drafting Petitioner's Motion for Decision, the Joint Notice Not to Seek Review, Petitioner's Notice of Election to File a Civil Action, Petitioner's Application for Attorneys' Fees and Costs, and Petitioner's Reply to Respondent's Opposition to Petitioner's Application for Attorneys' Fees and Costs.   Petitioner states that:

> Even if Petitioner had followed the ideal timetable envisioned by Special Master Corcoran in his attorney's fees Decision, and Petitioner had filed the Motion for Decision by the end of August, Petitioner would still have had to spend time on a Motion for Decision, the Joint Notice Not to Seek Review, and Petitioner's Notice of Election to File a Civil Action. These are standard filings that Counsel performs in all cases where it is determined that a claim has lost its reasonable basis, and most of these filings must be made to close EVERY vaccine claim.  Special Master Corcoran is arbitrarily penalizing Petitioner's Counsel for work on completely routine filings that was legally required to be done, and would have had to be done even if the Motion for Decision had been filed earlier as Special Master Corcoran suggests.

Pet'r's Mem. 6.

The Special Master's opinion did not address petitioner's argument that he is entitled to fees and costs for drafting these end-of-case pleadings because those costs

would have been incurred even if petitioner had terminated his case in August of 2015,

the time when the claim was no longer supported by a reasonable basis.  The court

therefore remands this case to the Special Master to consider whether petitioner is

entitled to these fees and costs.

## IV.   CONCLUSION

For the reasons stated above, the Special Master's decision is **AFFIRMED** with

respect to the Special Master's findings regarding reasonable basis.  The case is

**REMANDED** to give the Special Master an opportunity to decide what fees and costs, if

any, petitioner would have incurred even if he had decided to terminate his case after

August of 2015.

 **IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge
