

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-804V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JEFF CURRAN, | \* | Special Master Corcoran |
| Petitioner, | \* | Filed: March 24, 2017 |
| v. | \* | Decision on Remand; Attorney's Fees and Costs; Reasonable Basis; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | Wind-down Costs. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew D. Downing*, Van Cott & Talamante PLLC, Phoenix, AZ, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**AMENDED DECISION ON REMAND GRANTING IN PART (A) WIND-DOWN FEES, AND (B) FEES ASSOCIATED WITH APPEAL[1]**

On July 29, 2015, Jeff Curran filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleged that Mr. Curran had experienced an adverse reaction after receiving the HPV vaccine in August 2012. *See* Pet. at 1 (ECF No. 1). Petitioner's counsel, Mr. Andrew Downing, Esq., had only received the matter a month before it was filed, and therefore was under pressure from a looming statute of limitations cut-off deadline to file the case, before he had the opportunity to evaluate the claim's objective basis.

---

[1] This decision will be posted on the United States  Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C § 300aa-12(d)(4)(B), however,  the parties may object to the decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b)  permits each party fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that  is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision in its present form will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

A little more than six months later, however, Petitioner concluded (based upon records that came into counsel's possession shortly after filing) that he could not prove his case, and therefore requested its dismissal, which I effected on February 10, 2016 (ECF No. 14).

Petitioner then requested an award of attorney's fees and costs in the combined amount of $9,656.09. Application for Attorney's Fees and Costs, dated Apr. 29, 2016 (ECF No. 18); *see also* Supplement to Fees App., dated June 8, 2016 (ECF No. 23). Respondent opposed the request, arguing that the claim lacked reasonable basis in its entirety. I agreed in part, finding that in filing the action on the eve of the limitations cut-off, Petitioner and his counsel had acted reasonably in relying on Petitioner's own allegations. By August 2015, however – the month after filing – counsel had come into possession of objective record information that clearly cast doubt on the basis for the claim, at which time the claim officially could be said to lack sufficient reasonable basis upon which to proceed. I therefore agreed to award only $3,285.31 in attorney's fees and costs, reflecting work performed before the case lost reasonable basis. Fees Decision, dated June 22, 2016 (ECF No. 24).

Petitioner sought review of my decision, challenging my determination as to reasonable basis, but also arguing that his counsel should receive "wind-down" costs associated with the case's termination. The matter was assigned to Judge Firestone, who subsequently issued an opinion affirming my determination as to reasonable basis – but remanding to me resolution of whether wind-down costs should be recovered under the circumstances, reasoning that the question had not been addressed in my original fees decision. *See Curran v. Sec'y of Health & Human Servs.*, No. 15-804V, 2016 WL 4272069 (Fed. Cl. Spec. Mstr. June 22, 2016), *aff'd in part and remanded*, 130 Fed. Cl. 1 (Jan. 3, 2017). I therefore invited the parties to brief the matter, which they have now done. Petitioner has also separately requested an award of fees spent litigating the motion for review. *See* Supplemental Application for Appeal-Related Attorney's Fees and Costs, dated January 12, 2017 (ECF No. 35).

For the reasons stated below, I grant in part both aspects of Petitioner's additional fees requests.

## **Arguments on Remand**

Mr. Curran filed a memorandum of law on the recoverability of wind-down fees and costs on January 18, 2017. ECF No. 36 ("Wind-down Mot."). In it, he points out that any claim found to lack, or have lost, reasonable basis would still require preparation of certain documents and pleadings to terminate the matter (such as a Notice of Election to File a Civil Action or a Motion to Dismiss), and that counsel is in fact bound by ethical obligations to prepare those materials. Wind-down Mot. at 2. In support of his contentions, he also references a case in which former Chief Special Master Vowell held (after finding that reasonable basis had ceased while a case was pending) that fees and costs associated with "actions reasonably necessary to conclude the

2

litigation" were nevertheless recoverable, even if incurred after reasonable basis ceases to exist for the claim itself. *Id.* at 2-3, *citing Heath v. Sec'y of Health & Human Servs.,* No. 08-86V, 2011 WL 433646, at *12 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Based on these arguments, Petitioner now requests a total of $4,938.69 in wind-down fees and costs – exceeding by approximately $1,700.00 what I previously awarded him for the period of time in which the case's reasonable basis existed. The Exhibit A appended to the motion reveals the basis for this figure. Petitioner's counsel has highlighted those portions of the billing record that constitute purported wind-down activity. This includes (a) 9.8 hours of Mr. Downing's time incurred between December 2015 and June 2016, calculated at a rate of $350 per hour; (b) 6.5 hours of associate Courtney Van Cott's time for the same period, billed at $195 per hour; and (c) 2.2 hours of paralegal time, billed at $100 per hour. *See generally* Exhibit A to Wind-down Mot. Petitioner also requests costs of $21.19 for electronic legal research and photocopies. *Id.* at 13. These sums are derived from the same attorney invoices that formed the basis of Petitioner's 2016 fees request, and thus reflect amounts previously denied. They also go beyond the costs directly associated with termination of the case, since they include the costs of preparing the initial fees request.

Respondent opposed Petitioner's request on February 21, 2017. ECF No. 37 ("Opp."). He maintains that under controlling Federal Circuit precedent, no fees at all can be obtained after reasonable basis ceases in a matter. Opp. at 2-3, *citing Perreira v. Sec'y of Health & Human Servs.,* 33 F.3d 1375, 1376 (Fed. Cir. 1994). Respondent also argues that *Heath* does not bind my determination herein.

On February 28, 2017, Petitioner filed a reply to Respondent's opposition. ECF No. 38 ("Reply"). This reply mostly repeats Petitioner's prior arguments in support of his request for wind-down and appeal-related fees and costs. Petitioner also contends that the reason the request is so high is in part due to Respondent's refusal to negotiate on the issue of a proper attorney's fees and costs award. Reply at 2.

In addition to requesting wind-down fees and costs, Petitioner has separately asked for fees associated with briefing his motion for review. *See* Supplemental Application for Appeal-Related Attorney's Fees and Costs, dated January 12, 2017 (ECF No. 35). Petitioner requests a total of $7,302.90 in such fees and costs – over twice what he received for the period of time in which the case possessed reasonable basis. Respondent's opposition to the wind-down costs issue also includes a section devoted to this separate category of costs and argues that because Petitioner's appeal was unsuccessful, he should not receive any of these appeal-related costs. Opp. at 4-5. Petitioner's reply also addresses this argument, and contends that *Perriera* did not consider the issue of litigating attorney's fees on a motion for review and thus should not apply. Reply at 4.

**<u>Analysis</u>**

**I.      Some Wind-Down Fees and Costs Are Properly Awarded in this Case**

Respondent's arguments overstate the precedential law governing fees availability in cases found to lose reasonable basis while pending. Denial of fees after a case loses reasonable basis certainly is common in Program decisions. *See, e.g., Perreira*, 33 F.3d at 1375; *Hashi v. Sec'y of Health & Human Servs.*, No. 08-307V, 2016 WL 5092917, at *3 (Fed. Cl. Spec. Mstr. Aug. 25, 20216); *Miller v. Sec'y of Health & Human Servs.*, No. 13-914V, 2016 WL 2586700, at *6 (Fed. Cl. Spec. Mstr. Apr. 12, 2016). However, *Perreira* does not explicitly state that once reasonable basis is determined to cease, no fees of any kind incurred temporally thereafter can ever be awarded. Moreover, although *Heath* involves facts that are distinguishable from this case,[3] it nevertheless is persuasive in suggesting that a determination that a case has lost reasonable basis while pending should not bar recovery of fees and costs reasonably necessary to its wind-down and termination. If a case began with reasonable basis, it is fair to permit counsel (who acted reasonably in bringing the action) an opportunity to close the case out – and receive fees associated with such actions.

Of course, the above does not change the fact that special masters are empowered to award only *reasonable* fees, and may accordingly cut back fees requests where the work performed was not reasonable. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs").

Petitioner requests $4,938.69 in total attorney's fees and costs associated with winding down the claim. This includes costs incurred after termination associated with his attempt to recover fees, but before I reached the conclusion (since upheld by the Court of Federal Claims) that the case's reasonable basis had ceased almost a year before. Thus, the total hours billed that Petitioner highlighted as "directly related" to winding down the claim amount to 18.5 hours. Exhibit A to Wind-down Mot. at 2, 8-9, 12-13.

But counsel spent only 4.2 hours of this time actually engaging in tasks directly related to dismissing Petitioner's claim. *See id.* at 2, 8-9. Rather, the majority of the time requested for winding down the case was dedicated to drafting the initial motion for attorney's fees and preparing a reply to Respondent's brief opposing an attorney's fees and costs award. 14.3 hours

---

[3] In *Heath,* former Chief Special Master Vowell held a fact hearing to resolve evidentiary conflicts in the claimant's case. *Heath,* 2011 WL 4433646, at *1-2. After issuance of a fact ruling, the petitioner determined that he could not proceed with the claim – and his willingness to concede the claim's dismissal was largely attributable to the fact that the opinion of the expert he had retained earlier in the case was reliant on factual suppositions that had been rejected in the fact ruling. *Id.* at *5, *8-10. *Heath* thus is a case that had progressed far beyond where Mr. Curran's claim was at the time it was dismissed.

were spent on these tasks, accounting for $4,065.50 of the $4,938.69 requested wind-down fees. Exhibit A to Wind-down Mot. at 9, 12-13. As a result, Petitioner now asks for fees that exceed by thirty percent what I permitted Petitioner to recover in the first place.

Fees-collecting charges are not properly included as wind-down costs – especially when they dwarf time billed to a matter while it (briefly) possessed reasonable basis. A fees request "should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and I have previously found that it is improper to grant such a high amount of fees and costs for litigating fees compared to the amount billed to actually litigating the merits of Petitioner's claim. *See, e.g., Nichols v. Sec'y of Health & Human Servs.*, No. 14-1103V, 2016 WL 4272356, at *6 (Fed. Cl. Spec. Mstr. June 22, 2016) ("fees for litigating fees disputes should not constitute a third of the total award requested").

Overall, Petitioner's request is excessive. In a case that has been found to have lost reasonable basis while pending, due to disclosure of evidence that objectively undercuts its viability, attorneys should primarily recover costs clearly associated with winding down the matter. Moreover, those costs should be modest in magnitude. Indeed, an attorney with experience in the Program (like Mr. Downing) could, by relying on forms from other matters, conceivably accomplish all that was necessary to end a case in an hour's time – or less, if competent associates or paralegal services were used. While a fees dispute may be a proper component of such costs (especially where Respondent refuses to consider any fees), counsel should take care not to allow them to grow out of proportion to the costs associated with litigating the case while it had reasonable basis.

Given the above, although the wind-down fees requested are based on hourly rates that I have previously deemed reasonable (*see Curran*, 2016 WL 4272069, at *4), the total amount of fees and costs requested are not. I therefore shall (in an effort to achieve "rough justice") award only 50 percent of the requested award of wind-down fees and costs as follows:

(a) Mr. Downing – 9.8 hours billed x .50 = 4.9 hours awarded
    4.9 hours x $350 per hour = $1,715.00

(b) Ms. Van Cott – 6.5 hours billed x .50 = 3.25 hours awarded
    3.25 hours x $195 per hour = $633.75

(c) Paralegal Work – 2.2 hours billed x .50 = 1.1 hours awarded
    1.1 hours x $100 per hour = $110.00

(d) Costs - $21.19 x .50 = $10.60 awarded

**Total: $2,469.35**

My decision herein may well impel Petitioner to seek further review of the matter, only compounding the fees expended on a case that should never have been brought in the first place. Nevertheless, it places the risk for prosecuting a claim lacking reasonable basis on the party on whom that risk should rest: counsel. In any Vaccine Program claim, counsel are expected to perform some due diligence before filing, which may require an expenditure of time reviewing materials connected to the claim before it is filed. That time is not reimbursed via the Program, but is instead properly viewed as borne by the attorney as business cost.

Fees incurred after a claim has been deemed to lack reasonable should not be treated much differently. Once reasonable basis is fixed in time, the onus is on counsel to close out the matter as quickly as possible – and this includes resolving any fees disputes – or risk bearing his own fees and costs. Here, Mr. Curran's claim persisted despite the fact that its lack of objective support could have been discerned by counsel shortly after its filing. Instead (and as discussed in my original fees decision) little work was performed on the matter thereafter, allowing it to languish for several months until Respondent's review of medical records exposed the claim's deficiencies. *See* Status Report, filed on January 7, 2016 (ECF No. 12). Such circumstances do not justify a wind-down fees award that exceeds the sum awarded for the short period in which the claim had an objective basis.

## II.     Fees and Costs Associated with the Motion for Review

It is common in the Program for attorneys to receive fees and costs associated with a motion for review, independent of the success of the motion. *See, e.g.*, *Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 124 Fed. Cl. 225 (Dec. 4, 2015) (awarding fees and costs related to a motion for review, even though the Court upheld the special master's decision); *Caves v. Sec'y of Health & Human Servs.*, No. 07-443V, 2014 WL 407036 (Fed. Cl. Spec. Mstr. Jan. 13, 2014); *Brown v. Sec'y of Health & Human Servs.*, No. 09-426V, 2013 WL 2350541, at *2 (Fed. Cl. Spec. Mstr. May 6, 2013). Respondent has opposed the request for this category of fees on the basis of the reflexive reasoning that because the motion for review was unsuccessful on the issue of reasonable basis, the fees associated with litigating that question are not recoverable (Opp. at 4-5).

I do not find such arguments compelling. Indeed, I have previously awarded fees and costs connected to a motion for review regardless of the petitioner's success. *See R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 7575568, at *3 (Fed. Cl. Spec. Mstr. Nov. 28, 2016). And the fact that a case is determined to lack reasonable basis does not mean that a petitioner cannot appeal that determination.

I will therefore award some amounts of this category of fees and costs. But (consistent with my discretion to award what are "reasonable" fees and costs in any case) I will not award the entirety of Petitioner's request. Having reviewed the submitted invoices, I find there were several

instances of duplication of effort between Mr. Downing and Ms. Van Cott. *See* Exhibit A to Supplemental Application for Appeal-Related Attorney's Fees and Costs (ECF No. 35-1) at 1-3 (showing duplicative work on Petitioner's motion for review and reply to Respondent's opposition). More significantly, the total amount of attorney time collectively devoted to the appeal – 27.1 hours – not only exceeds what was required to address the issue presented, but also is excessive in light of the sum awarded for attorney work while the case possessed reasonable basis. Extraneous fees should not grossly dwarf those that were properly incurred in representing a claimant. Therefore, I find an overall reduction to this amount of 20 percent to be warranted, and will reduce the requested $7,302.90 accordingly.

## III. Fees Awarded in Original Decision

In addition, I will include in this decision the fees that I originally awarded in my decision on Petitioner's first fee application of $3,285.31. Due to Petitioner's motion for review, judgment did not enter on that specific amount. My decision to award this sum was affirmed on appeal by Judge Firestone, and will therefore be added to the total amount awarded to Petitioner for attorney's fees and costs.

## CONCLUSION

Based on the above, I award the following costs:

| CONTESTED SUM | AMOUNT REQUESTED | REDUCTION | AMOUNT AWARDED |
|---|---|---|---|
| Wind-down Fees and Costs | $4,938.69 | $2,469.34 | $2,469.35 |
| Fees and Costs Related to the Motion for Review | $7,302.90 | $1,460.58 | $5,842.32 |
| First Award of Attorney's Fees and Costs | $9,266.09 | $5,980.78 | $3,285.31 |
| TOTAL: | | | $11,596.98 |

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, awarding a total of **$11,596.98** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Andrew Downing, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment accordingly.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master
